# IN THE SUPERIOR COURT

# OF THE STATE OF DELAWARE

ROM E. BURTON,                    )
                                  )
                 Plaintiff,       )
                                  )
                                  )
        v.                        )        C.A. No. N12C-07-127 WCC
                                  )
HAROLD E. KYLE,                   )
                                  )
                 Defendant.       )

Submitted: February 29, 2016
Decided: March 24, 2016

**Defendant's Motion for Costs – DENIED**

# ORDER

Gary S. Nitsche, Esquire, Samuel D. Pratcher, III, Esquire, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, DE 19899. Attorneys for Plaintiff.

Wade A. Adams, III, Esquire, 3 Mill Road, Suite 301, Wilmington, DE 19806. Attorney for Defendant.

**CARPENTER, J.**

Upon consideration of Defendant Harold E. Kyle's ("Defendant") Motion for Costs, it appears to the Court that:

1. This Motion arises out of proceedings relating to personal injuries allegedly sustained by Plaintiff Rom E. Burton ("Plaintiff") in an August 2010 motor vehicle collision. Plaintiff brought suit, claiming his injuries were attributable to Defendant's negligence. Defendant filed an offer of judgment for $7,501.00 pursuant to Superior Court Civil Rule 68 on June 26, 2014. Plaintiff rejected the offer and the case proceeded to trial on January 11, 2016. After two days of testimony, the jury concluded Defendant was not negligent and no damages were awarded.

2. On February 4, 2016, Defendant filed the instant Motion for Costs under Rule 68. Defendant requests reimbursement of $2,906.20, which represents amounts incurred since Defendant's June 2014 offer:

| | |
|---|---|
| Dr. Picconi's deposition fee | $1,500.00 |
| Dr. Picconi's video deposition and transcript cost | $1,373.20 |
| Filing costs (June 26, 2014 – present) | $ 33.00[1] |

Plaintiff submitted a response in opposition to Defendant's Motion for Costs.

3. Rule 68 "sets forth the procedure and effect" of an offer of judgment.[2] The rule provides that, where an offer of judgment is made more than 10 days before trial and later rejected, and "the judgment finally obtained…is *not more*

---

[1] Def. Mot. for Costs ¶ 4, Ex. A-C.
[2] *See Streetie v. Progressive Classic Ins. Co.*, 2011 WL 1259809, at *4 (Del. Super. Apr. 4, 2011) *aff'd*, 35 A.3d 419 (Del. 2011).

*favorable* than the offer, the offeree *must* pay the costs incurred after the making of the offer."[3] Thus, where a "[d]efendant satisfies the requirements of Rule 68, the Court *must* tax costs that may be awarded under Rule 54 and other applicable statutes."[4] However, the Delaware Supreme Court, relying on the United States Supreme Court's decision in *Delta Air Lines, Inc. v. Aug.*,[5] has held that Rule 68 does not apply "where…the plaintiff obtains *no* judgment from the defendant seeking costs (*i.e.,* judgment is for the defendant).…"[6]

4. Superior Court Civil Rule 54(d) is the general provision pertaining to awards of trial costs.[7] The rule provides that "costs shall be allowed as of course to the prevailing party upon application to the Court within ten (10) days of the entry of final judgment unless the Court otherwise directs."[8] Unlike under Rule 68, the

---

[3] Super. Ct. Civ. R. 68 (emphasis added).

[4] *See Miller v. Williams*, 2012 WL 3573336, at *1 (Del. Super. Aug. 21, 2012) (emphasis in original). *See also Beaudet v. Thomas*, 797 A.2d 678 (Del. 2002) ("The trial court has no discretion about whether to award costs, assuming the offer…was timely; it was rejected; and the plaintiff recovers an amount less than the offer. The court's discretion is limited to an analysis of whether the requested amounts are appropriately categorized as 'costs' under Superior Court Rule 54."); *Bond v. Yi*, 2006 WL 2329364, at *1 (Del. Super. Aug. 10, 2006) ("Defendant must show three things to recover costs pursuant to a request under Rule 68. First, the offer of judgment must have been filed at least 10 days before trial. Second, the costs must have been incurred after the filing of the offer of judgment. Third, the trial verdict must have been less than the amount of the offer.").

[5] 450 U.S. 346 (1981). *But see Roberts v. Bullard*, 1998 WL 960701, at *1-3 (Del. Super. Dec. 22, 1998) (confessing shock that the "Plaintiff's view is supported by a five-member majority opinion by the United States Supreme Court in *Delta Air Lines Inc.*" but nevertheless denying application for costs as untimely). "Whatever the policy merits of *Delta Air Lines,* it remains controlling law and must be applied here." *Doe v. Rutherford Cty., Tenn., Bd. of Educ.*, 86 F. Supp. 3d 831, 854 (M.D. Tenn. 2015).

[6] *See Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 509-10 (Del. 2001) (emphasis in original) (citing *Delta Air Lines, Inc.*).

[7] *See Streetie*, 2011 WL 1259809, at *4.

[8] Super. Ct. Civ. R. 54(d).

determination of whether costs should be awarded under Rule 54(d) is a matter of judicial discretion.[9]

5.    Here, it is undisputed Defendant's offer was timely made in accordance with Rule 68 and that the costs sought to be taxed accrued after the offer was filed.  However, the verdict in this case was for the Defendant.  Thus, Rule 54(d), not Rule 68, governs Defendant's Motion for Costs.[10]

6.    Defendant cannot prevail under Rule 54 because his Motion was not timely filed.  The jury verdict was docketed on January 12, 2016. To satisfy the timing requirements of Rule 54(d), Defendant was required to file its Motion for Costs by January 27, 2016.[11]  Because this Motion was filed on February 4, 2016,

---

[9] *See Donovan v. Delaware Water & Air Res. Comm'n*, 358 A.2d 717, 722 (Del. 1976) ("It follows, then, that there may be circumstances under which costs do not go to the party to whom a final judgment is awarded."). *See also Rosenberg v. Crichton*, 2011 WL 5316771, at *1 (Del. Super. Sept. 23, 2011) ("As the prevailing party in this case, the Defendant should be awarded costs unless there exists another consideration that obligates the Court to exercise its discretion."); *Welsh v. Delaware Clinical & Lab. Physicians, P.A.*, 2001 WL 392400, at *4 (Del. Super. Mar. 19, 2001) ("Determining when costs should be awarded under § 5101 and Rule 54(d) is a matter of judicial discretion. …The Court has in certain situations found that 'it is right and just and fair for the defendant to bear the defense cost burden of the successful defense.'").

[10] *See Hercules, Inc,* 784 A.2d at 509-10. *See also Jacques v. Lacrosse Homes, Inc.*, 2010 WL 3515463, at *1 (Del. Super. Aug. 27, 2010) ("As Plaintiff points out, this was a Defendant's verdict. Accordingly, Superior Court Civil Rule 68 does not apply.").  The Court recognizes that, as recently as 2012, this Court issued a contrary decision in *Miller v. Williams. See Miller*, 2012 WL 3573336, at *2 (finding Defendant entitled to tax costs under Rule 68 where jury issued verdict for Defendant reasoning that it was "the prevailing party because Plaintiff was awarded zero dollars"). While the Court appreciates the common sense tendenancies to accept the defendant's arguments for the application of Rule 68, it is simply not the law and cannot be followed.

[11] This deadline was calculated in accordance with Superior Court Civil Rule 6(a) and because the deadline imposed is less than 11 days, the Court excluded intervening Saturdays and Sundays, as well as January 18, 2016, Martin Luther King Day. *See* Super. Ct. Civ. R. 6 (a) ("In computing any period of time prescribed or allowed by these Rules…the day of the act…after which the designated period of time begins to run shall not be included….When the period of

and there has been no showing of excusable neglect, it must be denied as untimely.[12]

7.  Even if the Motion was timely filed within the prescribed 10-day period, the Court would not award Defendant the full amount sought here.[13] In exercising its discretionary power to tax certain costs and expert witness fees pursuant to Rule 54 and 10 *Del. C.* § 8906, this Court has routinely considered the plaintiff's financial circumstances.[14] "The Court is more likely to require defendants to bear the costs of a successful defense where the Court finds that an assessment of costs against the plaintiff would impose a 'severe financial hardship' and would probably 'become an uncollectible assessment serving no real purpose.'"[15] Here, the unsuccessful Plaintiff is unemployed, the case here was not

---

time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation.").

[12] *See Sanchez v. Boykin*, 2010 WL 1068194, at *2 (Del. Super. Mar. 11, 2010) ("Plaintiffs' Motion was filed on January 19, 2010, 5 days after the deadline imposed by Rule 54(d). As such, Plaintiffs' Motion is untimely and since there has been no showing of excusable neglect under Rule 6(b), the entire Motion must be denied.").

[13] *See* 10 *Del. C.* § 8906 ("The fees for witnesses testifying as experts…shall be fixed by the Court in its discretion…."). *See also Welsh,* 2001 WL 392400, at *4 (noting that Court has discretion to award or deny costs under § 5101 and Rule 54(d)).

[14] *See Nelson v. Feldman*, 2011 WL 531946, at *2 (Del. Super. Jan. 26, 2011) (citing *Legros v. Jewell*, 2001 WL 660106, at *1 (Del. Super. Mar. 30, 2001) (refusing to tax costs where plaintiffs were "people of very modest means" and there was "no doubt that an assessment of costs against the plaintiffs in this case would be a severe financial hardship")); *Jacques,* 2010 WL 3515463, at *1 ("While the 'zero verdict' made sense, so did Plaintiff's filing suit. The court is also mindful that Plaintiff turned down a $30,000 offer of judgment. Nevertheless, Plaintiff does not appear to have assets. Taking all of that and the evidence presented at trial into account, Defendant must be satisfied with the verdict."); *Walker v. Patrick*, 2002 WL 31474519, at *1 (Del. Super. Oct. 29, 2002) (discussing *Legros* and finding it would be "inappropriate to burden the Plaintiff with the costs Defendant seeks.").

[15] *Nelson*, 2011 WL 531946, at *2 (quoting *Legros*, 2001 WL 660106, at *1).

frivolously filed, and even if costs were assessed against him, it appears unlikely he would be able to pay.[16] As such, Defendant's Motion for Costs is denied.

**IT IS SO ORDERED.**

/s/ William C. Carpenter, Jr.
Judge William C. Carpenter, Jr.

---

[16] Pl. Resp. in Opp'n to Def. Mot. for Costs ¶ 8.